### PEOPLE'S DEVELOPMENT CO. v. SOUTHERN PAC. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. January 9, 1922.)

No. 3673.

**Public lands ☞117—Railroad grant; patent conclusive of nonmineral character.**

Act July 27, 1866, making a grant of lands to the Southern Pacific Railroad Company, excluded mineral lands, but intended that the character of the lands should be determined by the Interior Department before issuance of patents, and after a patent has issued thereunder it must be accepted, when collaterally attacked, as conclusively showing the nonmineral character of the land and the regularity of the proceedings precedent to its issue.

Appeal from the District Court of the United States for the Northern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Suit in equity by the People's Development Company against the Southern Pacific Company and others. Decree for defendants, and complainant appeals. Affirmed.

T. C. West and Powell & Dow, all of San Francisco, Cal., for appellant.

G. V. Shoup, W. M. Singer, and Frank Thunen, all of San Francisco, Cal., and Johnston & Jones, of Fresno, Cal., for appellees.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge. This is an appeal from a decree dismissing a complaint wherein plaintiff sought to quiet title to certain lands claimed by and included in patent to defendant railroad corporation. The complaint alleges:

That in June, 1909, the lands described were public lands open for exploration and location; that certain qualified citizens located the lands as mining claims, and in 1911 conveyed their rights to plaintiff corporation; that by act of Congress approved July 27, 1866 (14 Stat. 292), and joint resolution of Congress approved June 28, 1870 (16 Stat. 382), the United States granted to the appellee all odd-numbered sections of public lands not mineral to the amount of 20 alternate sections per mile on each side of said railroad, but specifically excluded from the operation of the act and patent issued under the grant all lands which should thereafter be found to be mineral in character except coal and iron lands; that in accordance with the act and resolution referred to patent issued on July 10, 1894, expressly reserving all mineral lands therein contained, except coal and iron lands; that no title legal or equitable passed for the mineral lands in question; that prior to issuance of patent the lands were known to be mineral, and not subject to disposition by the United States, except under the mining laws; and that no official examination and no determination of their character was made or approved by the United States.

These allegations are followed by charges that the appellee railroad company has by force and threats prevented appellant from securing and maintaining peaceable possession of the mining claims, and that appellees have never filed mineral locations, but have extracted valuable minerals from the lands. Appellant disavows any attempted attack on the patent issued to the railroad company, and defines its suit as an effort to "clarify title to the mineral lands which were excepted and excluded by the act from the grant" to the railroad company, and which appellant argues were retained by the United States, but titles to which lands have been "unsettled" by the decision in Burke v. Southern Pacific R. Co., 234 U. S. 669, 34 Sup. Ct. 907, 58 L. Ed. 1527, "which erroneously decreed reserved mineral lands to be in the Southern Pacific Railroad Company."

In the facts to which the law must be applied we do not perceive any material distinction between the present case and Burke v. Southern Pacific Co., supra, and clearly the same questions of law are involved. As in the Burke Case the suit is one where rights claimed under a patent are challenged by a party whose claim to the land has been initiated years after the date of the patent. In its discussion of the questions involved the Supreme Court carefully considered the meaning and scope of the act making a land grant to the Southern Pacific Railroad Company, and after making special analysis of sections 3 and 4

to ascertain the nature, extent, conditions, and limitations of the grant made, decided that the act of July 27, 1866, did not include, but excluded, mineral lands, and that the act intended that the character of the lands should be determined by the Interior Department, and that as that department determined, patents should issue. It was also decided that, after a patent has issued under the grant, it must be accepted, in a suit where the attack is collateral, as conclusively showing the nonmineral character of the land included in the patent and of the regularity of the proceedings which have resulted in its issue, and furthermore that the granting act contemplated that patents issued by the United States should unconditionally pass title.

The chief purpose of the joint resolution of June 28, 1870, was referred to as "to sanction a route which the Secretary of the Interior had disapproved." It is argued that the Supreme Court overlooked the adjustment act of March 3, 1887 (24 Stat. 556 [Comp. St. § 4895–4900]). But that act does not affect rights of claims made in the Burke Case, or such as are made herein.

Appellant devotes the greater part of its brief to an endeavor to demonstrate that the Supreme Court erred in its reasoning and conclusions in the Burke Case; but, as the decision in that case is directly applicable and controlling upon this court, our duty is to harmonize our decision herein with the doctrine announced by the Supreme Court, and this we do by affirming the decree of the lower court.

Affirmed.